IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ROY BARRON, JR.,

      Petitioner,               No. CIV S-11-0639 GGH (TEMP) P

    vs.

KUMA J. DEBOO,

      Respondent.          ORDER[1]

_____/

        On March 4, 2011, petitioner filed a document he asserts is a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges his sentence of life imprisonment for convictions concerning cocaine trafficking. The convictions were entered in this court in case no. CR S-96-0190 DFL GGH P.

        Collateral challenges to the imposition of a federal sentence generally must be brought under 28 U.S.C. § 2255. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The undersigned observes that courts have applied this characterization to petitions, such as the one here, which seeks relief pursuant to the Fair Sentencing Act of 2010. See United States v. Goulbourne, 2011 WL 222114 (D.S.C. 2011). Because nothing before the court suggests any

---

[1] At this time, respondent has made no appearance and petitioner has consented to the undersigned's presiding in this case pursuant to 28 U.S.C. § 636(c).

1

1 reason for departure from this procedural rule, the court will construe petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 as a motion attacking his sentence under 28 U.S.C. § 2255.

The court notes that petitioner has already challenged his conviction and sentence under 28 U.S.C. § 2255. See CR S-96-0190 DFL GGH P, docket entries 229-354. Petitioner may not proceed with a second § 2255 motion without first obtaining permission to do so from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Nothing suggests petitioner has obtained permission to proceed with a second § 2255 motion.

However, petitioner has not had an opportunity to respond to the undersigned's observations herein. The undersigned will give petitioner such an opportunity.

Accordingly, IT IS HEREBY ORDERED that petitioner shall show cause by filing a brief within twenty-one days of the filed date of this order why the petition should not be dismissed without prejudice to the filing of a request with the Ninth Circuit for the filing of a second § 2255 petition.

DATED: April 21, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/kc
barr.0639.dis