IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ROY BARRON, JR.,

    Petitioner,                        No. CIV S-11-0639 GGH (TEMP) P

    vs.

KUMA J. DEBOO,

    Respondent.                    ORDER

_____/

        On July 5, 2011, petitioner filed a motion asking that this court reconsider its June 1, 2011, order dismissing this action without prejudice to petitioner seeking permission in the Ninth Circuit Court of Appeals to file a second motion attacking his sentence under § 2255.

        A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

        Petitioner does not present newly discovered evidence suggesting this matter should not have been dismissed. There has not been a change in controlling law. Finally, the court finds that, after a de novo review of this case, the decision to dismiss this case was neither

manifestly unjust, nor clearly erroneous.

The court is not asserting that petitioner's claim herein may never be reviewed on its merits at some level. The undersigned is stating that in order to obtain review on the merits, petitioner must start his case at the Ninth Circuit and meet the stringent requirements of 28 U.S.C. § 2255(h).

Petitioner may have heard that the United States Sentencing Commission has issued an amendment finding that the guidelines for crack cocaine sentencing have been relaxed, and that this amendment is *retroactive. However, the retroactive amendment is not effective until November 1, 2011, and becomes effective on that date only if Congress has not taken action to rescind it*. If and when the amendment becomes retroactive, *and* the amendment is actually pertinent to petitioner's situation, petitioner may move in the sentencing court (now the Honorable John Mendez) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that petitioner's July 5, 2011 motion for reconsideration is denied. The Clerk shall forward to petitioner the "reader friendly" version of the proposed retroactive amendment regarding crack cocaine sentencing available from the undersigned.

DATED: July 12, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

barr0639.mfr